UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VICTOR RIVERA-SANTIAGO,

        Plaintiff,

        v.                                                    Case No. 21-cv-0714-bhl

LA ZACATECANA BAR,
RAQUEL PEREZ,
JUAN C. DIAZ, and
CARPOFORO BENITEZ,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Victor Rivera-Santiago is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself. This matter comes before the Court on his motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Rivera-Santiago has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Rivera-Santiago has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $47.24. Rivera-Santiago's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a plaintiff seeks to proceed *in forma pauperis* and to dismiss any case that is legally "frivolous or malicious" or that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2). In addition, because federal courts are courts of limited jurisdiction, the Court must ensure that all statutory requirements are met before exercising jurisdiction. *Page v. Democratic National Committee*, No. 20-2781, 2021 WL 2525577, at *2 (7th Cir. June 21, 2021).

## ALLEGATIONS OF THE COMPLAINT

Rivera-Santiago alleges that, on November 14, 2016, the owner of and security guards at La Zacatecana Bar in Milwaukee, Wisconsin, "handcuffed [him] behind his back and shot [him] point blank in [his] face and paral[y]zed [him]." Dkt. No. 1 at 2. Rivera-Santiago asserts that Defendants left him for dead, tampered with the crime scene, and lied to the police. *Id.* at 2-3. Rivera-Santiago asserts that he is suing under state law. *Id.* at 4. He seeks damages of $500,000.

## ANALYSIS

The Court will dismiss the complaint because it lacks subject matter jurisdiction. Rivera-Santiago relies on diversity jurisdiction as his gateway into federal court. Under 28 U.S.C. §1332(a), a federal court has jurisdiction over "all civil actions where the matter in controversy exceeds" $75,000 and where the action "is between citizens of different States." "[I]t has long been established that natural persons are typically a citizen of the state in which they reside or—to be more precise—are 'domiciled.'" *Page*, 2021 WL 2525577, at *3. A corporation is a citizen of both its state of incorporation and the state in which it maintains its principal place of business; partnerships are citizens of every state in which an individual partner is a citizen; and unincorporated entities, like limited liability companies, are citizens of any state in which one of

its "members" is a citizen. *Id.* Finally, "[f]or well over 200 years, the Supreme Court has interpreted statutory diversity jurisdiction to require 'complete diversity' between the parties. Usually this means that a federal court must satisfy itself that no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Id.* at 4 (citations omitted).

Rivera-Santiago sues La Zacatecana Bar as well as the owner of the bar and security guards who work at the bar. Rivera-Santiago identifies himself as a citizen of Wisconsin and La Zacatecana Bar as being located in Milwaukee, making it a citizen of Wisconsin. Because Rivera-Santiago and (at a minimum) La Zacatecana Bar are citizens of the same state, there is not complete diversity and the Court therefore lacks subject matter jurisdiction. If Rivera-Santiago wants to pursue these claims, he must do so in state court.

**IT IS THEREFORE ORDERED** that Rivera-Santiago's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the agency having custody of Rivera-Santiago shall collect from his institution trust account the $302.76 balance of the filing fee by collecting monthly payments from Rivera-Santiago's prison trust account in an amount equal to 20% of the preceding month's income credited to Rivera-Santiago's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Rivera-Santiago is transferred to another institution, the transferring institution shall forward a copy of this Order along with Rivera-Santiago's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Rivera-Santiago is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 1st day of July, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.